This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO.   31,988

**JAVIER M. VASQUEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Javier M. Vasquez (Defendant) appeals from the revocation of his probation and the enhancement of his sentence. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which this Court has duly considered. Unpersuaded, we affirm.

**The District Court Had Jurisdiction to Revoke Defendant's Probation**

Defendant contends that the district court lacked jurisdiction to find a violation of his probation where the State failed to file the petition to revoke his probation within the time frame established in Rule 5-805(F) NMRA. Rule 5-805(F) provides that "[w]ithin five (5) days of receiving the probation violation or a summary report, the district attorney shall either file a motion to revoke probation setting forth each of the alleged violations or file a notice of intent not to prosecute the alleged violations." Defendant relied on *State v. Montoya* to argue that dismissal was appropriate. 2011-NMCA-009, ¶ 1, 149 N.M. 242, 247 P.3d 1127.

In this Court's calendar notice, we pointed out that *Montoya* was distinguishable and that Rule 5-805 had been amended to make dismissal discretionary. Defendant has not rebutted this Court's proposed conclusion by pointing out error in law or fact and has not provided any argument as to how the district court abused its discretion in not dismissing. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition

2

is required to come forward and specifically point out errors in fact and/or law."); *see also State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 ("An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citations omitted)). As a result, we rely on the analysis contained in our notice of proposed disposition and conclude the district court had jurisdiction to revoke Defendant's probation.

**Sufficient Evidence Was Introduced to Support Revocation**

Defendant continues to argue that there was insufficient evidence to find a probation violation had occurred. In this Court's calendar notice, we proposed to conclude that the probation officer's testimony that Defendant admitted to having "self-injected heroin on October 22" and that probationer's drug test was "positive for opiates" was sufficient to demonstrate a violation of his probation based on illegal drug use. *See State v. Brusenhan*, 78 N.M. 764, 766, 438 P.2d 174, 176 (Ct. App. 1968) ("[A] violation of the conditions of probation must be established with such reasonable certainty as to satisfy the conscience of the court of the truth of the violation. It does not have to be established beyond a reasonable doubt." (internal quotation marks and citation omitted)). Moreover, we suggested that, to the extent

3

Defendant was arguing that there was mitigating evidence and that the probation officer's testimony was untruthful, he was requesting that this Court assess credibility and reweigh the evidence on appeal, which we do not do. *See State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789 (providing that an appellate court "does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict").

In his memorandum in opposition, Defendant continues to argue that the probation officer's testimony about his admission was not true, that Defendant was not really admitting to illegal drug use, and that the drug test did not confirm heroin use. [MIO 6] Again, we do not reweigh evidence or assess credibility on appeal. Instead, "[w]e view the evidence in a light most favorable to the State, indulging all reasonable inferences and resolving all conflicts to uphold the decision below." *State v. Tony G.*, 121 N.M. 186, 190, 909 P.2d 746, 750 (Ct. App. 1995). Accordingly, we conclude there was sufficient evidence to support Defendant's revocation.

**Defendant Was Not Subject to an Illegal Sentence**

Defendant contends that, pursuant to *State v. Franklin*, 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer*, 103 N.M. 655, 658-60, 712 P.2d 1, 4-6 (Ct. App. 1985), the State violated the terms of his probation agreement by filing an amended supplemental criminal information alleging three prior felonies. In our

calendar notice, we noted Defendant's reliance on *State v. Leyba*, 2009-NMCA-030, ¶¶ 19-20, 145 N.M. 712, 204 P.3d 37, for the proposition that, if the plea agreement did not authorize enhancement, and the defendant's sentence was later enhanced, this would amount to an illegal sentence. We noted that, in the present case, the plea agreement authorized enhancement if Defendant violated his probation. [RP 104] According to the terms of the plea agreement, the State reserved the right to "bring habitual offender proceedings as provided by law based on any conviction not admitted in this plea agreement." [RP 103] As a result, we conclude that Defendant was not subjected to an illegal sentence, since it was within the terms of his plea agreement.

**Defendant's Due Process Rights Were Not Violated**

Defendant contends that the district court violated his due process rights by not advising him of his rights and the potential penalties that would result from his admission to prior offenses. Defendant maintains that this rendered any resulting admission to being the same person that committed the prior offenses alleged by the State invalid. In his docketing statement, Defendant directed this Court to Rule 5-303 NMRA and *Marquez v. Hatch*, 2009-NMSC-040, ¶ 12, 146 N.M. 556, 212 P.3d 1110, in support of his argument. We noted that Rule 5-303 governed guilty pleas with respect to the underlying criminal charges and that Rule 5-303 was complied with in

this case. We therefore proposed to conclude that Defendant had failed to demonstrate error, as he had not provided this Court with any authority indicating that the Court was required to again advise him of the consequences of his prior convictions when the State acted in accordance with the plea agreement in pursuing enhancement. To the extent Defendant continues to rely on cases involving plea agreements to criminal convictions where a defendant is admitting guilt to criminal charges, rather than admitting to being the same person previously convicted, we conclude Defendant has not demonstrated error in this Court's notice of proposed disposition. *See Ibarra*, 116 N.M. at 489, 864 P.2d at 305 ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law.").

Moreover, to the extent Defendant's argument is more appropriately construed as claiming a violation of his right against self-incrimination, we note that Defendant was represented by counsel, appears to have answered the question posed by the judge voluntarily, and never invoked the privilege. *See State v. Gutierrez*, 119 N.M. 618, 620, 894 P.2d 395, 397 (Ct. App. 1995) ("[A] witness before a judicial or administrative tribunal ordinarily is entitled to no protection under the privilege against self-incrimination unless the witness invokes the privilege and refuses to answer.").

6

Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**MICHAEL E. VIGIL, Judge**