This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 32,603**

**JUAN VENEGAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lisa B. Riley, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}      Defendant appeals from the district court's ruling that revokes his suspended sentence and enhances his two felony convictions by a period of four years each for

being a habitual offender. [RP 150] Our notice proposed to affirm and Defendant filed a memorandum in opposition. We remain unpersuaded by Defendant's arguments and therefore affirm, and additionally remand for correction of an apparent clerical error in the district court failing to recite all of Defendant's convictions in its final order.

{2}     Defendant argues that the district court improperly imposed an eight-year habitual offender enhancement following his probation revocation, rather than a four-year habitual offender enhancement. [DS 4-6; MIO 5; RP 155-56] In support of his position, Defendant maintains that the language in the written plea agreement misled him into believing that he was subject only to a four-year habitual offender enhancement. [DS 5] Defendant also maintains that the parties' discourse at the May 21, 2012 hearing following his probation violation, supported his view of the sentencing consequences of his plea agreement. [MIO 7]

{3}     We address first the terms of the plea agreement, and consider whether the agreement adequately informed Defendant of the sentencing consequences, such that Defendant was on notice that, if he violated his probation, he was subject to an eight-year habitual offender enhancement. *See generally State v. Santillanes*, 98 N.M. 448, 451, 649 P.2d 516, 519 (Ct. App. 1982) (unless there exists constitutional or statutory invalidity, plea agreements are binding upon both parties); *see also Marquez v. Hatch*, 2009-NMSC-040, ¶¶ 7-11, 146 N.M. 556, 212 P.3d 1110 (recognizing that a

defendant must be advised of potential sentencing enhancements based on prior convictions).  Here, the plea agreement under the "admission of identity" section [RP 58] sets forth Defendant's admission to his prior felony convictions [RP 58, 61], such that he is a habitual offender subject to a four-year enhancement.  [RP 59] *See* NMSA 1978, § 31-18-17(B) (2003) (providing that "[a] person convicted of a noncapital felony in this state . . . who has incurred two prior felony convictions . . . is a habitual offender and his basic sentence shall be increased by four years").  Consistent with this admission, the plea agreement sets forth that the maximum penalties for Defendant's new crimes include a four-year habitual offender enhancement for *each of the crimes*.  [RP 59-60]  Lastly, the plea agreement, in relevant part, provides that, in the event Defendant violates the law or his probation conditions, he will be subject to habitual offender proceedings based on his admission. [RP 61]  *See generally State v. Freed*, 1996-NMCA-044, ¶ 3, 121 N.M. 569, 915 P.2d 325 (discussing and enforcing a plea agreement in which the defendant admitted to being a habitual offender and was subject to a habitual offender enhancement if he violated any conditions of his probation or parole).  Given the plea's above-noted provisions, we conclude that the plea adequately advised Defendant of the sentencing consequences and that the district court did not err in imposing an eight-year habitual enhancement upon Defendant's subsequent probation violation.

**{4}** As acknowledged by Defendant, the terms of the plea agreement take precedence over any subsequent discourse between the parties that took place at the May 21, 2012 hearing following Defendant's revocation of his probation. *See State v. Fairbanks*, 2004-NMCA-005, ¶ 15, 134 N.M. 783, 82 P.3d 954 (providing that, upon review, an appellate court "construe[s] the terms of the plea agreement according to what [the d]efendant reasonably understood *when he entered the plea*" (Emphasis added.) (internal quotation marks and citation omitted)). We nevertheless note that any reference at the hearing to a four-year enhancement of Defendant's sentence is not inconsistent with the underlying agreement, because "sentence" by law means that the sentence for each of the felonies at issue is subject to a four-year enhancement. *See, e.g., State v. Howard*, 108 N.M. 560, 561-63, 775 P.2d 762, 763-65 (Ct. App. 1989) (holding that where a statute attaches an enhancement to a defendant's "'basic sentence,'" that statute "requires that the sentence *for each of [the] defendant's current multiple felonies be enhanced* on the basis of the prior felony conviction" (Emphasis added.)).

**{5}** Lastly, we address an apparent clerical error in the district court's November 30, 2012 order revoking suspended sentence. [RP 155] The order provides that Defendant was originally sentenced for residential burglary, larceny, and criminal damage to property. [RP 156] By oversight, the order fails to also recite Defendant's conviction for resisting, evading or obstructing an officer. [RP 58, 69] While this

4

omission does not appear to have affected the proper calculation of Defendant's sentence, it is appropriate to remand so that all of Defendant's convictions are recited in the order revoking suspended sentence.

**{6}** In conclusion, we affirm the district court's imposition of an eight-year habitual offender enhancement as a consequence of Defendant's probation revocation. We also remand for correction of the noted error in the order revoking suspended sentence.

**{7}** **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**J. MILES HANISEE, Judge**