IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2015 Term

_____

No. 13-1123

_____

**FILED**

**April 9, 2015**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA,
Plaintiff Below, Respondent

v.

KEITH D.,
Defendant Below, Petitioner

_____

Appeal from the Circuit Court of Summers County
Honorable Robert A. Irons, Judge
Criminal Action Nos. 13-F-04 & 13-F-06

AFFIRMED

_____

Submitted: February 4, 2015
Filed: April 9, 2015

Matthew D. Brummond, Esq.                    Patrick Morrisey, Esq.
Deputy Public Defender                       Attorney General
Office of the Public Defender                Derek A. Knopp, Esq.
Kanawha County                               Assistant Attorney General
Charleston, West Virginia                    Charleston, West Virginia
Counsel for the Petitioner                   Counsel for the Respondent

JUSTICE BENJAMIN delivered the Opinion of the Court.

JUSTICE DAVIS and JUSTICE KETCHUM dissent and reserve the right to file dissenting opinions.

SYLLABUS BY THE COURT

1.      "Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion." Syl. pt. 2, *Duncil v. Kaufman*, 183 W. Va. 175, 394 S.E.2d 870 (1990).

2.      "Rule 32(d) of the West Virginia Rules of Criminal Procedure as it relates to the right to withdraw a guilty or nolo contendere plea prior to sentence permits the withdrawal of a plea for 'any fair and just reason.'" Syl. pt. 1, *State v. Harlow*, 176 W. Va. 559, 346 S.E.2d 350 (1986).

3.      "Habitual criminal proceedings providing for enhanced or additional punishment on proof of one or more prior convictions are wholly statutory. In such proceedings, a court has no inherent or common law power or jurisdiction." Syl. pt. 2, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

4.      "The words 'duly cautioned' contained in the West Virginia recidivist statute, Code, 61-11-19, as amended, with regard to former convictions and sentences before a valid judgment can be imposed for an additional sentence as provided

i

in Code, 61-11-18, as amended, are fully complied with when the accused, after being convicted of the substantive offense and before being sentenced thereon, is later brought before the court in the same term and advised that the prosecuting attorney has filed a written information informing the court of former convictions and sentences; and the court then proceeds to advise the accused of the nature of each former offense and of the time and place of each former sentence, and then after giving the accused an opportunity to say whether he has any defense thereto, asks him if he is the same person as was formerly convicted and sentenced. If he answers in the affirmative, appropriate sentence may be pronounced in accordance with the statute." Syl. pt. 4, *State ex rel. Mounts v. Boles*, *Warden*, 147 W. Va. 152, 126 S.E.2d 393 (1962).

5. "A person convicted of a felony may not be sentenced pursuant to *W. Va. Code*, 61-11-18, - 19 [1943], unless a recidivist information and any or all material amendments thereto as to the person's prior conviction or convictions are filed by the prosecuting attorney with the court before expiration of the term at which such person was convicted, so that such person is confronted with the facts charged in the entire information, including any or all material amendments thereto. *W. Va. Code*, 61-11-19 [1943]." Syl. pt. 1, *State v. Cain*, 178 W. Va. 353, 359 S.E.2d 581 (1987).

Benjamin, Justice:

The defendant below and petitioner herein, Keith D., appeals the October 18, 2013, order of the Circuit Court of Summers County that sentenced him as a habitual offender to a prison term of life with mercy. After consideration of the assignment of error raised by the petitioner, we affirm the circuit court's order.[1]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner Keith D. was charged in a fourteen-count indictment with sex crimes involving his five-year-old stepdaughter.[2] By a separate indictment, the petitioner also was charged with possession of a firearm by a prohibited person, i.e., a felon. The indictment charging the petitioner with possession of a firearm by a prohibited person stated that the petitioner had been convicted of voluntary manslaughter in 2004 in Cabell County.

The petitioner entered into a plea agreement with the State in which he pled guilty to one count of sexual assault in the third degree and to possession of a firearm by a prohibited person. In return, the State dismissed the remaining counts in the indictment

---

[1] We wish to commend counsel for both parties for their preparation and excellent oral arguments before this Court.

[2] Because this case involves a minor victim of sex crimes who is related to the petitioner, we use only the petitioner's first name and last initial consistent with our practice in cases involving minors and sensitive facts. *See State ex rel. Dept. of H. S. v. Cheryl M.*, 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

1

alleging sex crimes against the petitioner's stepdaughter and agreed to remain silent on the issue of sentencing. The petitioner's guilty plea was taken by the circuit court in a July 19, 2013, hearing. During this hearing, the petitioner indicated that he wished to waive his right to a presentence report and asked that he be sentenced immediately. The prosecuting attorney opposed immediate sentencing stating her desire to delay sentencing until the victim's mother could be present.[3] Consequently, the circuit court set the sentencing hearing for August 2, 2013.

On July 25, 2013, the State filed an information of prior convictions with the circuit court pursuant to W. Va. Code §§ 61-11-18[4] and 61-11-19[5] in which it alleged that the petitioner is the same person previously convicted of two prior felonies: grand larceny in November 1996 in the Circuit Court of Cabell County and voluntary manslaughter in February 2004 in the Circuit Court of Cabell County. The information requested that the petitioner be sentenced to the state correctional facility for life.

---

[3] According to the prosecuting attorney, the victim's mother was not present at the hearing due to a medical emergency.

[4] According to W. Va. Code § 61-11-18(c) (2000),

> When it is determined, as provided in section nineteen of this article, that such person shall have been twice before convicted in the United States of a crime punishable by confinement in a penitentiary, the person shall be sentenced to be confined in the state correctional facility for life.

[5] The relevant portion of W. Va. Code § 61-11-19 (1943), is set forth in Part III of this Opinion.

2

Thereafter, the petitioner moved to withdraw his guilty plea pursuant to W. Va. R. Crim. P. 32(e)[6] on the basis that at the time he accepted the State's plea offer, he was not advised that his plea subjected him to a potential life sentence as a habitual offender. He also asserted that his counsel did not notify him that he could be sentenced as a habitual offender. The circuit court denied the petitioner's motion to withdraw his guilty plea. A jury subsequently found the petitioner guilty of being a habitual offender and he was sentenced to life in prison.

## II. STANDARD OF REVIEW

In this case, the petitioner argues that the circuit court erred in refusing to permit him to withdraw his guilty plea prior to sentencing. This Court has held:

> Notwithstanding that a defendant is to be given a more liberal consideration in seeking leave to withdraw a plea before sentencing, it remains clear that a defendant has no absolute right to withdraw a guilty plea before sentencing. Moreover, a trial court's decision on a motion under Rule 32(d) of the West Virginia Rules of Criminal Procedure will be disturbed only if the court has abused its discretion.

Syl. pt. 2, *Duncil v. Kaufman*, 183 W. Va. 175, 394 S.E.2d 870 (1990). A circuit court abuses its discretion "if it bases its ruling on an erroneous assessment of the evidence or an erroneous view of the law." *Cox v. State*, 194 W. Va. 210, 218 n.3, 460 S.E.2d 25, 33 n.3 (1995). Accordingly, we are tasked with determining whether the circuit court abused its discretion when it denied the petitioner's motion to withdraw his guilty plea.

---

[6] *See infra* Part III.

# III. ANALYSIS

The petitioner's only assignment of error is that the circuit court erred in refusing to permit him to withdraw his guilty plea. According to Rule 32(e) of the *West Virginia Rules of Criminal Procedure*, in pertinent part, "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason." We previously have recognized that "Rule 32(d) of the West Virginia Rules of Criminal Procedure as it relates to the right to withdraw a guilty or nolo contendere plea prior to sentence permits the withdrawal of a plea for 'any fair and just reason.'" Syl. pt. 1, *State v. Harlow*, 176 W. Va. 559, 346 S.E.2d 350 (1986).[7]

The crux of the petitioner's argument is that he has shown a fair and just reason for withdrawing his guilty plea: he did not know the State could seek a habitual offender sentence after he pled guilty with the understanding that he could receive no more than ten years in prison. For the following reasons, we find no merit to this argument.

The issue in this case is governed by this Court's decision in *State ex rel. Appleby v. Recht*, 213 W. Va. 503, 583 S.E.2d 800 (2002). In *Appleby*, the petitioner, Mr. Appleby, pled guilty to both counts in the indictment against him: driving under the

---

[7] At the time that *Harlow* was decided, the portion of Rule 32 regarding the withdrawal of guilty and nolo contendere pleas was located at subsection (d) of that rule.

influence ("DUI"), third offense, and driving while on a revoked license, third offense, for DUI. At the hearing in which Mr. Appleby entered his plea, the trial court advised him that the maximum term of imprisonment for each of the offenses to which he pled guilty was one to three years, and that because the sentences could be imposed consecutively, the maximum sentence he could receive was incarceration for a term of two to six years. The trial court did not indicate that the State could initiate a habitual offender proceeding.

Thereafter, the State filed an information alleging that Mr. Appleby was a habitual offender in that he had three prior convictions for DUI, third offense, one unlawful assault conviction, and one felony conviction for driving on a revoked license for DUI, third offense. Mr. Appleby, if sentenced as a habitual offender, was subject to a life sentence with the opportunity for parole. The trial court denied Mr. Appleby's motion to dismiss the habitual offender information. Mr. Appleby then sought relief in prohibition in this Court.

Mr. Appleby argued before this Court that the trial court erred in, *inter alia*, not dismissing the habitual offender proceeding because when he pled guilty, the trial court informed him he would be facing only a maximum sentence of two to six years—not the possibility of a life sentence as a habitual offender. This Court rejected Mr. Appleby's argument based on two points of law. First, this Court found that when a defendant pleads guilty, the trial court must make him aware of only the direct

consequences of his plea; not the collateral consequences of his plea. Specifically, we

stated as follows:

> The law is clear that a valid plea of guilty requires that the defendant be made aware of all "the direct consequences of his plea." By the same token, it is equally well settled that, before pleading, the defendant need not be advised of all collateral consequences of his plea, or, as one Court has phrased it, of all "possible ancillary or consequential results which are peculiar to the individual and which may flow from a conviction of a plea of guilty, . . . ."

*Appleby*, 213 W. Va. at 511, 583 S.E.2d at 808, *quoting Cuthrell v. Director, Patuxent*

*Inst.*, 475 F.2d 1364, 1365–66 (4th Cir. 1973) (citations omitted). Second, we determined

that a habitual offender proceeding is a collateral consequence of a guilty plea,

explaining:

> The distinction between "direct" and "collateral" consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.
>
> Under West Virginia Code §§ 61-11-18 & 19, the imposition of a life sentence is not definite, immediate and largely automatic. The State not only retains the discretion to decide when to pursue recidivist sentencing (or to decide not to so proceed), but the separate nature of the recidivist proceeding requires the State to satisfy a number of requirements such as: (1) filing a written information, (2) proving beyond a reasonable doubt that each penitentiary offense, including the principal penitentiary offense, was committed subsequent to each preceding conviction and sentence, and (3) proving beyond a reasonable doubt to the jury the identity of the defendant. . . .
>
> The possible significance of a guilty verdict for purposes of the habitual offender act is a classic example of a conviction's consequences that is collateral in the sense that the consequence requires application of a legal provision

6

extraneous to the definition of the criminal offense and the provisions for sentencing those convicted under it.

*Appleby*, 213 W. Va. at 511–512, 583 S.E.2d at 808–809 (citations omitted) (internal quotation marks omitted) (ital. omitted). Thus, this Court concluded in *Appleby* that the constitution does not "require[] that a criminal defendant be advised of the possibility of habitual criminal proceedings prior to the entry of a guilty plea." *Id.* at 512, 583 S.E.2d at 809 (citation omitted). *See also Gardner v. Ballard*, No. 13-1301, 2014 WL 5546202, at * 3 (W. Va. Nov. 3, 2014) (memorandum decision) (concluding that "pursuant to *Appleby*, the circuit court had no duty to inform petitioner about a possible recidivist action because such an action was not a direct consequence of his guilty plea").

The petitioner sets forth several reasons why this Court should not apply *Appleby* to the facts of the instant case. First, the petitioner attempts to distinguish the facts of *Appleby* from those of the instant case. For example, the petitioner notes that *Appleby* was before this Court on a petition for a writ of prohibition instead of an appeal.[8]

---

[8] The petitioner also refers to a footnote in *Appleby* in which this Court indicated that the State informed the defendant of its intent to file a habitual offender information as early as a bond hearing. Specifically at *Appleby*, 213 W. Va. at 512 n.6, 583 S.E.2d at 809 n.6, this Court indicated:

> We also note that the State says that it specifically informed Mr. Appleby's trial counsel that, if he was convicted, the State would seek a recidivist sentence, and that discovery was apparently provided to Mr. Appleby that included a list of Mr. Appleby's prior convictions. We additionally note that at a bond hearing on October 31, 2001, the Prosecuting Attorney told the trial judge, in the presence of Mr. Appleby and counsel, "I do not believe that two to six

7

We see no merit in this argument. The distinguishing facts of *Appleby* relied on by the petitioner did not control our analysis in that case. Rather, our analysis and decision in *Appleby* was based on the rule that a criminal defendant does not have to be advised of the possibility of habitual criminal proceedings prior to the entry of a guilty plea because the filing of a habitual offender information is a collateral and not a direct consequence of a guilty plea. When we apply that rule of law from *Appleby* to the facts of this case, we conclude that the failure to inform the petitioner prior to his guilty plea that a habitual offender information may be filed against him does not constitute error.

In a second challenge to the application of *Appleby* to the present case, the petitioner asserts that "the legal theory underlying the . . . *Appleby* decision[] has recently come under scrutiny and its continued validity is questionable[]" after the United States Supreme Court's decision in *Padilla v. Kentucky*, 559 U.S. 356 (2010). The petitioner mischaracterizes *Padilla.* The Supreme Court's holding in *Padilla* is that "counsel must inform her client whether his plea carries a risk of deportation." *Padilla*, 559 U.S. at 374. This holding was based on the Supreme Court's recognition that "recent changes in our

> is the maximum sentence he may be facing. And in fact, this Court has often indicated that DUI three is an act of violence, and I contend that there's a possibility of a much steeper sentence. . . .

The fact that this information is placed in a footnote means that it was not a factor in our analysis in *Appleby*. It is axiomatic that "language in a footnote generally should be considered obiter dicta which, by definition, is language 'unnecessary to the decision in the case and therefore not precedential.' *Black's Law Dictionary* 1100 (7th ed. 1999)." *State ex rel. Med. Assurance v. Recht*, 213 W. Va. 457, 471, 583 S.E.2d 80, 94 (2003).

immigration law have made removal nearly an automatic result for a broad class of noncitizen offenders[,]" *id.* at 366, so that "[d]eportation as a consequence of a criminal conviction is, because of its close connection to the criminal process, uniquely difficult to classify as either a direct or collateral consequence." *Id.* Because the Supreme Court's holding in *Padilla* deals specifically with deportation as a consequence of a guilty plea, *Padilla* does not affect this Court's holding in *Appleby* nor its underlying rationale. This is because in *Appleby* we expressly found that a habitual offender proceeding is a collateral consequence of a guilty plea.

Finally, the petitioner contends that *Appleby* represents a minority position among the States, is bad policy, and should be overruled. According to the petitioner, it is preferable to require the trial court or the prosecuting attorney to inform a defendant of the prosecuting attorney's plan to file a habitual offender information prior to a defendant's conviction.

We agree that it is preferable for a defendant to be advised of potential habitual offender proceedings before he or she enters a guilty plea. As this Court opined in *Appleby*, "we think that from a practical standpoint the better course of action for a trial court is to advise a defendant about the possibility of recidivist proceedings being instituted in every case where West Virginia Code § 61-11-18 might apply." 213 W. Va. at 512 n.7, 583 S.E.2d at 809 n.7 (citation omitted). However, this Court previously has recognized that "[h]abitual criminal proceedings providing for enhanced or additional

9

punishment on proof of one or more prior convictions are wholly statutory. In such

proceedings, a court has no inherent or common law power or jurisdiction." Syl. pt. 2, in

part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

The Legislature set forth the procedure for habitual offender proceedings in

W. Va. Code § 61-11-19 (1943), in part, as follows:

> It shall be the duty of the prosecuting attorney when he has knowledge of former sentence or sentences to the penitentiary of any person convicted of an offense punishable by confinement in the penitentiary to give information thereof to the court immediately upon conviction and before sentence. Said court shall, before expiration of the term at which such person was convicted, cause such person or prisoner to be brought before it, and upon an information filed by the prosecuting attorney, setting forth the records of conviction and sentence, or convictions and sentences, as the case may be, and alleging the identity of the prisoner with the person named in each, shall require the prisoner to say whether he is the same person or not. If he says he is not, or remains silent, his plea, or the fact of his silence, shall be entered of record, and a jury shall be impanelled to inquire whether the prisoner is the same person mentioned in the several records. If the jury finds that he is not the same person, he shall be sentenced upon the charge of which he was convicted as provided by law; but if they find that he is the same, or after being duly cautioned if he acknowledged in open court that he is the same person, the court shall sentence him to such further confinement as is prescribed by section eighteen [§ 61-11-18] of this article on a second or third conviction as the case may be.

The statute clearly provides that the prosecuting attorney's filing of an information

setting forth a defendant's prior conviction or convictions is timely if it is filed in the

same term of the defendant's current conviction and before sentencing for that

conviction. This code section does not require the trial court or the prosecuting attorney to inform a defendant of the potential filing of habitual offender information prior to the defendant's conviction or guilty plea. In recognition of the specific procedure set forth in W. Va. Code § 61-11-19, this Court held in syllabus point 4 of *State ex rel. Mounts v. Boles*, 147 W. Va. 152, 126 S.E.2d 393 (1962), that

> [t]he words "duly cautioned" contained in the West Virginia recidivist statute, Code, 61-11-19, as amended, with regard to former convictions and sentences before a valid judgment can be imposed for an additional sentence as provided in Code, 61-11-18, as amended, are fully complied with when the accused, after being convicted of the substantive offense and before being sentenced thereon, is later brought before the court in the same term and advised that the prosecuting attorney has filed a written information informing the court of former convictions and sentences; and the court then proceeds to advise the accused of the nature of each former offense and of the time and place of each former sentence, and then after giving the accused an opportunity to say whether he has any defense thereto, asks him if he is the same person as was formerly convicted and sentenced. If he answers in the affirmative, appropriate sentence may be pronounced in accordance with the statute.

More recently, we have held:

> A person convicted of a felony may not be sentenced pursuant to *W. Va. Code*, 61-11-18, -19 [1943], unless a recidivist information and any or all material amendments thereto as to the person's prior conviction or convictions are filed by the prosecuting attorney with the court before expiration of the term at which such person was convicted, so that such person is confronted with the facts charged in the entire information, including any or all material amendments thereto. *W. Va. Code*, 61-11-19 [1943].

Syl. pt. 1, *State v. Cain*, 178 W. Va. 353, 359 S.E.2d 581 (1987). In the instant case, the requirements of W. Va. Code § 61-11-19 were fully complied with below. Further,

11

because habitual offender proceedings are statutorily created, this Court has no inherent power to amend the legislatively-prescribed procedure for these proceedings. Finally, this Court finds no reason to depart from the law as set forth in *Appleby* inasmuch as the rationale supporting that law remains valid.

## IV. CONCLUSION

This Court concludes that the trial court and the prosecuting attorney did not have a duty under our law to inform the petitioner of the possibility of enhanced sentencing under W. Va. Code §§ 61-11-18 and 6-11-19 before the petitioner entered his guilty plea. Consequently, the circuit court did not abuse its discretion in denying the petitioner's motion to withdraw his guilty plea. Accordingly, the October 18, 2013, order of the Circuit Court of Summers County that sentenced the petitioner as a habitual offender to a prison term of life with mercy is affirmed.

Affirmed.