**FILED**
**September 24, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-76** (Nicholas County CC-34-2022-F-35)

**Jimmy Dale Bennett,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jimmy Dale Bennett appeals the Circuit Court of Nicholas County's January 5, 2023, sentencing order, entered following his conviction, pursuant to a no contest plea, of first-degree sexual abuse.[1] The petitioner argues that the circuit court erred in denying his motion to withdraw his no contest plea. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

On May 17, 2022, the petitioner was indicted on one count of first-degree sexual abuse; two counts of the use of minors in filming sexually explicit conduct; and one count of sexual abuse by a parent, guardian, or custodian. The petitioner entered into a plea agreement to resolve these charges, under which he agreed to plead no contest to first-degree sexual abuse in exchange for the State's dismissal of the remaining charges. During the circuit court's extensive colloquy with the petitioner at his plea hearing, the petitioner represented that he fully understood the nature of the charges and the terms of his plea agreement, agreed that his "lawyer [had] been available to discuss the case with [him]," twice denied needing additional time to discuss the case with his counsel, stated his belief that his counsel had sufficiently reviewed and investigated his case such that his counsel could properly advise him, and expressed his complete satisfaction with the advice and representation of his counsel.[2] The petitioner's counsel also questioned the petitioner on the record, and the petitioner agreed that he met with counsel "several times at the jail"; that they discussed all discovery, the terms of his plea, and potential sentence; and that the petitioner believed it to be in his best interest to move forward with his no contest plea. The court

---

[1] The petitioner appears by counsel John C. Anderson II. The State appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper.

[2] The petitioner's trial counsel is different from his appellate counsel.

1

accepted the petitioner's no contest plea and found it to have been freely, voluntarily, and intelligently made.

The case was initially scheduled for sentencing on November 1, 2022. On that date, the petitioner, through counsel, made an oral motion to withdraw his plea of no contest. The petitioner offered no reason in support of his motion. In the event the circuit court was disinclined to grant the motion, the petitioner moved that sentencing be continued for the petitioner to undergo a psychological forensic evaluation. The court denied the petitioner's motion to withdraw his plea, but it continued sentencing to January 4, 2023, to allow counsel to schedule the petitioner's evaluation. On January 4, 2023, the petitioner reiterated his desire to withdraw the previously entered plea, stating that he wished to go to trial. The court again denied the request and sentenced the petitioner to not less than five nor more than twenty-five years in the penitentiary, a $5,000 fine, and fifty years of extended supervision. The petitioner now appeals.

The petitioner's only assignment of error is that the circuit court erred in refusing to allow him to withdraw his no contest plea. He asserts that his difficulty in notifying his counsel of his desire to withdraw his plea, and the fact that it was a no contest plea rather than a guilty plea, warranted granting his motion. The petitioner asserts that he "changed his mind concerning the plea of no contest" and "wished to proceed to trial."

Rule 32(e) of the West Virginia Rules of Criminal Procedure states that "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason." But "a defendant has no absolute right to withdraw a guilty plea before sentencing," and our review of a circuit court's decision on a motion to withdraw is for an abuse of discretion. Syl. Pt. 1, in part, *State v. Keith D.*, 235 W. Va. 421, 774 S.E.2d 502 (2015) (quoting Syl. Pt. 2, in part, *Duncil v. Kaufman*, 183 W.Va. 175, 394 S.E.2d 870 (1990)).

Setting aside the facts that the petitioner's plea was entered pursuant to a plea agreement and that the circuit court found that his plea was entered freely, voluntarily, and intelligently— facts the petitioner does not challenge here—we find no error in the court's denial of the petitioner's motions to withdraw his plea under Rule 32. Preliminarily, we note that the petitioner's statements concerning his difficulty reaching his counsel were not made on the record below and, therefore, are not properly before this Court for consideration. *See* Syl. Pt. 2, *State v. Bosley*, 159 W. Va. 67, 218 S.E.2d 894 (1975) (limiting appellate review to the record made below). In any event, the record flatly contradicts the petitioner's assertions. The record shows that, before the entry of the plea, the petitioner agreed that his counsel had been available, denied needing more time with his counsel, acknowledged meeting with his counsel on multiple occasions, and expressed his complete satisfaction with his counsel's representation. The record also shows that the petitioner's counsel remained available and responsive, after entry of the plea, having twice moved the circuit court—at the petitioner's direction—to withdraw his no contest plea (but, fatally, offering no justification to warrant withdrawal). Moreover, the petitioner offers no support for his implied claim that a no contest plea requires some lesser showing to support withdrawal. Rule 32(e) explicitly puts a no contest plea and a guilty plea on the same footing in terms of withdrawal, and this Court has never held that entry of a no contest

2

plea rather than a guilty plea has any impact on whether a plea can be withdrawn. Finally, regarding the petitioner's assertion that he "changed his mind" and wanted to "proceed to trial," "'[w]ere withdrawal automatic in every case where the defendant decided to alter his tactics and present his theory of the case to the jury, the guilty plea would become a mere gesture, a temporary and meaningless formality reversible at the defendant's whim.'" *State v. Myers*, 204 W. Va. 449, 459, 513 S.E.2d 676, 686 (1998) (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)). Accordingly, because the petitioner failed to assert "any fair and just reason" to support withdrawal of his plea, the circuit court did not abuse its discretion in denying the petitioner's motion to withdraw his no contest plea.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 24, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn